*SUCCESSION OF BRUCE.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## VICKSBURG AND SHREVEPORT RAILROAD *v.* PARISH OF CADDO.

The terms of the act " relative to the duties and powers of the Police Juries of this State, and the constituted authorities of towns and cities," approved April 29, 1853, contemplate that the mandate to be issued by the District Judge to enforce the collection of taxes, on the failure or refusal of the Police Jury to cause the tax to be collected, shall be directed to the Collector of Parish or Municipal Taxes; and where the Sheriff is such collector, the evidence should show the fact. The taxes to be collected under this act should be collected in the same manner as the parish and municipal taxes are collected, and a copy of the assessment, which forms the basis of the collections, should be delivered to him. The Sheriff has no power under the act to make the assessment.

APPEAL from the District Court of Caddo, *Land,* J.
   *Crain & Nutt* and *Ray,* for Plaintiff and appellant. *Hodge,* for defendant.

LEA, J. In this case several issues have been embraced in the arguments of counsel, the solution of which are (in our opinion) not called for by the pleadings.

The case has been correctly stated in the appellant's brief. Under the provisions of the act of the Legislature of 12th March, 1852, the parish of Caddo, by an ordinance of the Police Jury, subscribed for $100,000 of the stock of the Vicksburg, Shreveport and Texas Railroad Company, payable in five annual installments of $20,000 each, which subscription was duly ratified by the voters of the parish. The parish having failed to pay the first two installments, the plaintiff instituted suit in the District Court to enforce the payment of the subscription, in accordance with the terms of the act of 1853, p. 234.

The prayer of the petition concludes as follows, viz: " That, inasmuch as the said Police Jury has failed to assess and collect the said tax, that judgment be rendered ordering the Sheriff of the parish of Caddo to assess and collect the said tax on the real estate of the parish of Caddo, under the provisions of the said act of 1853, with his commissions."

Under an arrangement made to that effect, the Police Jury passed an ordinance authorizing their President to confess a judgment in favor of the plaintiff; which was accordingly done

By the terms of the decree, the plaintiff was to recover of the parish of Caddo, the sum of $100,000, payable $20,000 on the 1st January, 1855, with 5 per cent. interest from the 1st of May, 1854, and $20,000 payable on the 1st of each January following, until it was all paid, to bear interest at 5 per cent. after ma-

turity. The judgment further provides, that the Police Jury shall assess an annual tax on the real estate of the parish for the payment of each installment, and cause the same to be collected, which assessment was to be made by the assessor and collected by the collector elected by the Police Jury; and that the assessment should be made and the collector elected and qualified by taking bond with good security, on or before the June session of the Police Jury preceding the maturity of each installment; and that, if the Police Jury failed or refused to cause said assessment to be made, and a collector elected and qualified by them to collect said tax by the time required, that, in that case, an order should issue under the judgment, directed to the Sheriff of the parish of Caddo, ordering him to assess the amount of the tax necessary to pay the installment next falling due, and interest, and to collect the same.

The parish failed to comply with the provisions of this judgment, and thereupon the plaintiff procured a mandate issued to the Sheriff of the parish of Caddo, directing him to demand of the Police Jury the sum of $20,000, with 5 per cent. interest from May 1, 1854, and costs, and if not paid that he should cause the said sum to be made by causing an assessment to be made of the lands in the parish of Caddo, and collecting from the owners of land an *ad valorem* tax to satisfy the said sum, with interest and costs. This mandate the Sheriff failed to execute, and the plaintiff proceeded, by a rule taken both upon the Sheriff and the Police Jury, to show cause why they should not proceed to the execution of the judgment, and why an assessor should not be appointed by the court, or an assessment be ordered to be made by the Sheriff, and a peremptory order issue to the Sheriff and the Police Jury to perform their duty in the premises.

. For answer to this rule, the Police Jury alleged that they had, by an ordinance of the 5th June, 1854, adopted the assessment roll of landed property in the parish of Caddo for the year 1854 on which to estimate the said assessment, or the levy of 1 3-8 per cent. to pay the said sum of $20,000; and that at the same time the Police Jury appointed a collector to collect the same, requiring him to give bond, which he failed to do; that they have complied with the law in providing the means to pay the judgment by levying the said tax, and that the plaintiff has a full remedy on the levy and assessment already made.

The Sheriff, for answer to the rule, alleged that—

1st. He was the collector of no tax except the State tax.

2d. That it was the duty of the Parish Tax Collector to collect the railroad tax, and that he was not the Parish Tax Collector.

3d. The he had never been furnished with a tableau of taxes on the landed property of the parish of Caddo by the Police Jury or by the Assessor of Taxes duly elected for that purpose.

4th. That the assessing of taxes is not a duty belonging to the Sheriff.

5th. That if any judgment has been rendered, ordering him to collect said tax, it is null and void, he not having been cited or made a party thereto. Upon a trial had the rule was dismissed, and the plaintiffs have appealed. This is substantially the state of the pleadings, as found in the record and set forth in the plaintiff's brief.

The only questions presented by the pleadings have reference to the defence set up by the Sheriff. There is no issue made between the plaintiff and the Police Jury. Not only is the judgment, which is the basis of the rule, a judgment by confession, but in the answer to the rule itself they contest nothing that is demanded by the plaintiff. We are unwilling, therefore, to travel out of the

record for the purpose of considering the constitutional points urged in argument <span style="float:right">SHREVEPORT R. R.<br>v.<br>CADDO.</span> by the counsel for the Police Jury.

As respects the Sheriff, the only issues presented, which it is important to examine are:

1st. Whether the Sheriff is the proper person to make the collection.

2d. Whether the Sheriff has been furnished with the proper basis for making an assessment, and if not, whether, he has the right to make such assessment.

The Act of 1853 does not provide for an assessment by the Sheriff. It says that the judgment creditor may obtain a mandate commanding the Sheriff, or other Tax Collector or Collectors of the parish or incorporated town or city in which his judgment may have been obtained, 'to proceed forthwith to collect said taxes in the same manner as is prescribed by existing laws. But it is not pretended that "the Sheriff or other Tax Collector" has, by existing laws, the right to make the assessment which is the basis of taxation. But the Police Jury adopted the assessment roll of the State for the year 1854. Without assuming their right to do so, it is admitted that the Sheriff was not furnished with this assessment as the basis of his collections.

But we think that the terms of the act upon which this proceeding is based, contemplated that the mandate should be directed to the Collector of parish or municipal taxes, to be collected in the same manner as the parish or municipal taxes are collected.

In the case at bar, the Sheriff denies that he is the Parish Tax Collector, and there is nothing in the evidence showing the contrary.

It is ordered, that the judgment of the District Court be affirmed, with costs.